UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **MERCEDES CLEM,** | **CIVIL ACTION NO. 5:20-384-KKC** |
| **Plaintiff,** | |
| v. | **OPINION AND ORDER** |
| **OFFICER ZACHARIAH ZERBEE,** *individually and in his official capacity*, et al. | |
| **Defendants.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a motion to dismiss (DE 30) by Defendants Officer Zachariah Zerbee and the City of Cynthiana and another motion to dismiss (DE 31) by Defendants The Harrison Memorial Hospital Inc. and Michelle Mitchell. Plaintiff having responded (DEs 36, 37) and both sets of Defendants having replied (DEs 38, 40), the matter is now ripe for the Court's review. For the reasons set forth herein, the motion (DE 31) by Harrison Memorial and Mitchell is GRANTED, and the motion (DE 31) by Zerbee and Cynthiana is GRANTED IN PART and DENIED IN PART.

**I. Background**

**A. Factual Background**

According to Plaintiff's Amended Complaint, Zerbee was on duty as a City of Cynthiana police officer on September 16, 2019 when he initiated a traffic stop of a vehicle in which Clem was a passenger. (DE 17 at 4.) Zerbee allegedly instructed Clem to exit the vehicle, handcuffed her, and conducted a search of her person, which included what the

1

Amended Complaint describes as "grabb[ing] and grop[ing] the Plaintiff's crotch . . . in a harmful and offensive manner[,]" accompanied by a crude comment. (*Id.* at 5.)

Clem was then placed in Zerbee's police vehicle and transported to Harrison Memorial Hospital to be strip searched for drugs, allegedly in violation of Cynthiana Police Department policy. (*Id.* at 6.) Defendant Mitchell apparently conducted the search in private, which involved asking Clem to remove her clothing and Mitchell visually and physically inspecting her. (*Id.* at 7.) After the search, Clem was supposedly transported to Bourbon County Detention Center, where she was again searched. (*Id.* at 8.) Clem alleges that CPD officers "regularly and routinely" transport arrestees to the hospital "for the commission of illegal searches" by hospital employees. (*Id.*)

**B. Procedural Background**

Clem originally filed a Complaint on September 11, 2020 naming as defendants Officer Zerbee in his individual and official capacities, The Harrison Memorial Hospital, Inc., and Unknown Staff of The Harrison Memorial Hospital, Inc. (DE 1.) Clem then filed an Amended Complaint on January 4, 2021, which added as defendants the City of Cynthiana and Michelle Mitchell in her individual capacity and her "official capacity as an employee of Harrison Memorial Hospital." (DE 17.)

The Amended Complaint alleges various causes of action as follows: (1) custom and practice in violations of 42 U.S.C. § 1983 by Cynthiana; (2) custom and practice in violations of 42 U.S.C. § 1983 by Harrison Memorial; (3) violations of 42 U.S.C. § 1983 by Zerbee and Mitchell; (4) violations of 42 U.S.C. § 1983 by Zerbee; (5) conspiracy to violate 42 U.S.C. § 1983 by Cynthiana, Zerbee, Harrison Memorial, and Mitchell; (6) assault and battery by Zerbee; (7) intentional infliction of emotional distress by Zerbee; (8) assault and battery by Zerbee and Mitchell for which Cynthiana and Harrison Memorial are vicariously liable; (9) conspiracy to commit assault and battery by Zerbee and Mitchell; (10) negligent infliction of

emotional distress by Mitchell; (11) vicarious liability of Harrison Memorial for Mitchell's actions; (12) negligent hiring by Harrison Memorial; (13) negligent training by Harrison Memorial; (14) negligent supervision by Harrison Memorial; (15) negligent retention by Harrison Memorial; and (16) conspiracy to violate 42 U.S.C. § 1985(3) by Cynthiana, Zerbee, Harrison Memorial, and Mitchell.

Defendants Cynthiana and Zerbee have filed one motion to dismiss (DE 30) and Defendants Harrison Memorial and Mitchell have filed another. (DE 31.) Clem has responded to each (DEs 36, 37) and both sets of Defendants have filed replies. (DEs 38, 40.) The motions are now ripe for the Court's review.

## II. Motion to Dismiss Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. Courts "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Yet, at the same time, courts need not accept "legal conclusion[s] couched as [] factual allegation[s]." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

*Twombly* and *Iqbal* require a plaintiff to "plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 574, U.S. 10, 12 (2014). Where plaintiffs state "simply, concisely, and directly events that . . . entitle[] them to damages," the rules require "no more to stave off threshold dismissal for want of an adequate statement."

3

*Id.*; *El-Hallani v. Huntington Nat. Bank*, 623 F. App'x 730, 739 (6th Cir. 2015) ("Although *Twombly* and *Iqbal* have raised the bar for pleading, it is still low."). Still, however, a complaint is subject to dismissal under Rule 12(b)(6) if it fails to plead facts that plausibly state a claim for relief. *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

In resolving the motion, the Court will consider the allegations in the Complaint and may also consider certain other information, including "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir.1997)). Further, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.* (citation omitted).

## III. Analysis

### A. Statute of Limitations

Generally, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)—which considers only the allegations in the compliant—is "an 'inappropriate vehicle' for dismissing a claim based upon a statute of limitations." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (quoting *Cataldo*, 676 F.3d at 547). But, "dismissal is warranted if 'the allegations in the complaint affirmatively show that the claim is time-barred.'" *Id.* Cynthiana, Mitchell, and Harrison Memorial all move to dismiss various claims on statute of limitations grounds. The Court will address each in turn.

#### 1. Claims Against City of Cynthiana

The City of Cynthiana argues that all claims against it—federal and state—should be dismissed as barred by the statute of limitations. (DE 30-1 at 5.) The Court agrees as to the state claims, but disagrees as to the federal claims.

4

### a. Federal Claims

Clem's Amended Complaint alleges the following federal claims against Cynthiana: (Count I) Custom and Practice in Violations of 42 U.S.C. § 1983; (Count V) Conspiracy to Violate 42 U.S.C. § 1983; and (Count XVI) Conspiracy to Violate 42 U.S.C. § 1985(3). (DE 17.)

In Kentucky, the statute of limitations period for § 1983 and § 1985 claims is one year. *Huang v. Presbyterian Church (U.S.A.)*, 346 F. Supp. 3d 961, 973–74 (E.D. Ky. 2018) (citing *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) and *Bedford v. Univ. of Louisville Sch. of Med.*, 887 F.2d 1086, 1086 (6th Cir. 1989)). The Amended Complaint, filed on January 4, 2021 and naming Cynthiana as a party, lists September 16, 2019 as the date of the interaction between Clem and Zerbee, which would seem to put Clem's federal claims against Cynthiana outside of the statute of limitations period. (DE 17 at 4.) *See In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449–50 (6th Cir. 1991) ("[T]he precedent of this circuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'") (quoting *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973)). Clem argues, however, that the applicable date for statute of limitations purposes is actually September 11, 2020, when the original Complaint was filed,[1] because the claims against Zerbee in his official capacity as a CPD officer were essentially claims against Cynthiana. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity

---

[1] For federal claims, the filing of the Complaint tolls the limitations period pursuant to Federal Rule of Civil Procedure 3. *See Macon v. ITT Cont'l Baking Co.*, 779 F.2d 1166, 1172 (6th Cir. 1985) ("[E]ven if a state statute of limitations is borrowed and that state's rules also provide that service, not filing, tolls the statute of limitations, the prevailing rule among the federal courts of appeals is that Rule 3 of the Federal Rules of Civil Procedure governs the time of commencement of the action in cases where a federal matter or cause of action is involved.") (internal quotation marks and brackets omitted).

5

receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") (DE 36-1 at 4–8.) In opposition, Cynthiana cites *Messina v. Mazzeo*, 854 F. Supp. 116 (E.D.N.Y. 1994), in which a district court found that a suit against a person in his official capacity should not be considered a suit against the City of New York for statute of limitations purposes when an amended complaint sought to assert a new common law tort against the City. *Messina*, 854 F. Supp. at 147.

*Messina*, in addition to being factually distinguishable from this case, does not seem to align with the Sixth Circuit's view of official capacity suits. The Sixth Circuit considers a suit against an individual in his official capacity to be the equivalent of a suit against his government entity employer. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68 (1989)); *see also Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (describing the government entity employers of two individuals sued in their official capacities as "the only true defendants in this case"); *see also Hubbard v. Gross*, 199 Fed. App'x 433, 442 n.2 (6th Cir. 2006) ("Hubbard names various government agencies (i.e., City of Cynthiana, [named police officers] in their official capacities, and the Cynthiana Police Department). All these named parties are treated as one entity ('the city') pursuant to *Kentucky v. Graham* . . . ."). The Sixth Circuit's view appears to align with the Supreme Court's view. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (advising that official capacity suits "should be treated as suits against the State").

Despite the above, because Cynthiana was added as an explicitly named party in the Amended Complaint, the Court will also look to Federal Rule of Civil Procedure 15(c)(1)(C). For an amended complaint to "relate back" to the original pleading, Rule 15(c)(1)(C) requires: (1) the amendment assert a claim or defense that arose out of the same conduct,

transaction, or occurrence; and (2) within the period provided by Rule 4(m) for serving the summons and complaint, the newly named party (i) received notice of the action such that it will not be prejudiced in defending on the merits and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. The federal claims in the Amended Complaint clearly arose out of the same incident as those in the original Complaint. For good cause, this Court granted an extension of time for service of process pursuant to Rule 4(m) and Zerbee was served. (DEs 14, 15.) When Zerbee was served in his official capacity with the Complaint—which listed "City of Cynthiana, James D. Smith, Mayor" for service, although a summons was never produced—Cynthiana should have known that it was the real party in interest according to Sixth Circuit precedent. The Rule 15(c)(1)(C) requirements for "relation back" are satisfied.

Thus, the federal claims against Cynthiana will not be dismissed for statute of limitations purposes.

### b. State Law Claims

Clem's Amended Complaint alleges the following state law claims against Cynthiana: (Count VIII) Vicarious Liability for Assault and Battery and (Count IX) Vicarious Liability for Conspiracy to Commit Assault and Battery.

In Kentucky, the statute of limitations period for assault and battery is one year. *Jones v. Louisville/Jefferson Cty. Metro Gov't*, 482 F. Supp. 3d 584, 591 (W.D. Ky. 2020) (citing KRS § 413.140(1)(a) and *Dunn v. Felty*, 226 S.W.3d 68, 70 (Ky. 2007)). The statute of limitations period for civil conspiracy is also one year. *Burnett v. Transit Auth. of Lexington-Fayette Urb. Cty. Gov't*, 981 F. Supp. 2d 630, 634 (E.D. Ky. 2013) (citing KRS § 413.130(1)(c) and *Montgomery v. Milam*, 910 S.W.2d 237, 239 (Ky. 1995), *overruled in part on other grounds by Ballard v. 1400 Willow Council of Co-Owners, Inc.*, 430 S.W.3d 229 (Ky. 2013)).

7

While Federal Rule of Civil Procedure 3 governed when Clem's federal claims commenced for statute of limitations purposes, Kentucky law determines when Plaintiff's supplemental state law claims commenced. *Bradford v. Bracken Cty.*, 767 F. Supp. 2d 740, 746 (E.D. Ky. 2011); *French v. Daviess Cty., Kentucky*, No. 4:07-cv-105, 2009 WL 1766928, at *5 (W.D. Ky. June 23, 2009) (collecting cases). Under Kentucky law, an action is commenced "on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action." *Bradford*, 767 F. Supp. 2d at 745 (quoting KRS § 413.250). The Kentucky Supreme Court has provided explicit guidance as to the meaning of the "in good faith" requirement: "The issuance of a summons does not commence an action unless accompanied by an intent that the summons be served in due course. . . . [I]n the absence of a showing of a valid excuse for the delay, a summons issued by the clerk and delivered to the plaintiff or his attorney is not deemed to have been issued in good faith until it is given to the sheriff or other proper officer to be served." *Isaacs v. Caldwell*, 530 S.W.3d 449, 456 (Ky. 2017) (internal citations omitted). In *Isaacs*, the Kentucky Supreme Court held that an action did not commence within the applicable statutory time period when the clerk issued a summons within the applicable time period, but the plaintiffs made no attempt to serve the opposing party for three weeks, at which time the applicable time period had expired. *Id.* at 457.

In this case, Clem filed her Complaint on September 11, 2020 (DE 1), and the Clerk issued a Summons as to Zerbee dated September 14, 2020. (DE 3.) Clem did not attempt to serve Zerbee until over two months later on November 30, 2020, approximately three times longer than the delay in *Isaacs*. (DE 9.) Clem does not offer any legitimate reason for the delay. When Clem was informed that her November 30 service attempt was deficient, she was able to quickly cure her deficiency and serve Zerbee in less than 48 hours by hiring a process server. (DE 13.) Thus, with good faith diligence, it would have been possible for

8

Clem to serve Zerbee within the statute of limitations period—which expired on September 16, 2020—or shortly thereafter with good cause, as required by Kentucky law for the state law claims. While the Court found that Clem exhibited "good faith effort" in trying to meet the Rule 4(m) 90 day deadline for service under the applicable federal standard and granted Clem's motion for an extension of time (DE 15 at 3), Kentucky's legal standard for "good faith" in commencing an action to toll state law statutes of limitations is different, as outlined above. As a matter of law, according to the Kentucky standard outlined in *Isaacs*, Clem's attempted service of Zerbee approximately 10 weeks after the issuance of the summons and the end of the statute of limitations period "failed to comply with the 'good faith' element in the issuance of the summons." *Isaacs*, 530 S.W.3d at 457; *see also Vidal v. Lexington Fayette Urb. Cty. Gov't*, No. 5:13-117-DCR, 2014 WL 4418113, at *7 (E.D. Ky. Sept. 8, 2014) (conducting a similar analysis and reaching the same conclusion in the case of an eight-week delay between issuance of a summons and the sending of a request for waiver of service). Thus, the Court "cannot regard the action as having been commenced before the expiration of the time allotted[,]" and the Court must consider Clem's state law claims against Zerbee time-barred.[2] *Isaacs*, 530 S.W.3d at 457. Because Clem's state law claims against Zerbee are time-barred, the Court need not engage in further analysis. The state law claims against Zerbee and Cynthiana are dismissed as untimely.

## 2. Claims Against Michelle Mitchell

Mitchell argues that all claims against her should be dismissed as barred by the statute of limitations. (DE 31-1 at 12–13.) The Court agrees.

---

[2] While Clem has also asserted a claim of intentional infliction of emotional distress against Zerbee, which has a five-year statute of limitations, the Kentucky Supreme Court has held that "a complaint cannot be saved from limitations by pleading intentional infliction of emotional distress to reach the longer statute when the facts support a claim for a more traditional personal injury tort" such as the alleged assault and battery here. *Childers v. Geile*, 367 S.W.3d 576, 582–83 (Ky. 2012).

The original Complaint listed an "Unknown Defendant Hospital Staff" at Harrison Memorial (DE 1), and Mitchell was not named as a defendant until the Amended Complaint was filed on January 4, 2021. (DE 17.) Sixth Circuit precedent is clear that "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). The Sixth Circuit does not consider lack of knowledge of the identity of an "unknown defendant" to be a "mistake" for Rule 15(c)(1)(C) purposes. *Brown v. Cuyahoga Cty., Ohio*, 517 Fed. App'x 431, 433–34 (6th Cir. 2013); *Moore v. Tennessee*, 267 Fed. App'x 450, 455 (6th Cir. 2008). Mitchell was first identified as a defendant in the Amended Complaint after the statute of limitations had already run, and Sixth Circuit precedent is fatal to any Rule 15(c)(1)(C) related attempt to save the claims against her. Thus, all claims against Mitchell are dismissed as untimely.

### 3. Claims Against Harrison Memorial

Harrison Memorial argues that all claims against it—federal and state—should be dismissed as barred by the statute of limitations. (DE 31-1.) The Court agrees.

#### a. State Law Claims

Clem's Amended Complaint alleges the following state law claims against Harrison Memorial: (Count VIII) Vicarious Liability for Assault and Battery; (Count IX) Vicarious Liability for Conspiracy to Commit Assault and Battery; (Count X) Vicarious Liability for Negligent Infliction of Emotional Distress; (Count XII) Negligent Hiring; (Count XIII) Negligent Training; (Count XIV) Negligent Supervision; (Count XV) Negligent Retention.

In Kentucky, the statute of limitations period is one year for assault and battery, *Jones*, 482 F. Supp. 3d at 591, civil conspiracy, *Burnett*, 981 F. Supp. 2d at 634, and negligence by a hospital. *Harrison v. Valentini*, 184 S.W.3d 521, 523 (Ky. 2005) (citing KRS § 413.140(1)(e)).

The statute of limitations analysis for the state law claims against Harrison Memorial is the same as the legal analysis laid out in Section III.A.1.b. However, the dates are slightly different: the Clerk issued the Summons on September 16, 2020, and Clem served Harrison Memorial on November 20, 2020.³ Like above, Clem does not offer a legitimate reason for the two-month delay. The Court must again find that Clem's service of Harrison Memorial approximately eight weeks after the issuance of the summons and the end of the statute of limitations period "failed to comply with the 'good faith' element in the issuance of the summons." *Isaacs*, 530 S.W.3d at 457. Thus, the Court "cannot regard the action as having been commenced before the expiration of the time allotted[,]" and the Court must consider Clem's state law claims against Harrison Memorial time-barred. *Id.* The state law claims against Harrison Memorial are dismissed as untimely.

### b. Federal Claims

Clem's Amended Complaint alleges the following federal claims against Harrison Memorial: (Count II) Custom and Practice in Violations of 42 U.S.C. § 1983; (Count V) Conspiracy to Violate 42 U.S.C. § 1983; Conspiracy to Violate 42 U.S.C. § 1985(3).

In Kentucky, the statute of limitations period for § 1983 and § 1985 claims is one year. *Huang*, 346 F. Supp. 3d at 973–74. Plaintiff appears to claim that she alleged violations of § 1983 against Harrison Memorial in her original Complaint—filed September 11, 2020, within the one-year statute of limitations—which might allow the federal claims in the Amended Complaint to survive if they relate back to the original complaint. (DE 37-1 at 3.) To the extent Plaintiff makes that claim, it is plainly untrue. While the § 1983 claim in the original Complaint contains one reference to "Defendant Unknown Hospital

---

³ While Plaintiff's counsel filed a declaration swearing under penalty of perjury that Harrison Memorial was served on November 11, 2020 (DE 7 at 2), the supporting Exhibit A clearly shows that the mail was delivered and signed for on November 20, 2020. (DE 7-1 at 2.) In Kentucky, service by certified mail "is complete only upon delivery of the envelope." KY. R. CIV. P. 4.01(1)(a).

Staff" in relation to Zerbee's actions, the pleading clearly alleges a § 1983 violation by Zerbee, not Harrison Memorial. (DE 1 at 6–7.) The only claims made against Harrison Memorial in the original Complaint were state law claims, which were untimely, as described in Section III.A.3.a. above.

Because all of the claims against Harrison Memorial in the original Complaint were untimely, the claims against Harrison Memorial in the Amended Complaint cannot relate back under Rule 15(c). *Boggs v. 3M Co.*, No. 11-57-ART, 2012 WL 3644967, at *11 (E.D. Ky. Aug. 2012) (citing *William v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005)), *aff'd*, 527 Fed. App'x 415, 418 (6th Cir. 2013) (also citing *William*, 399 F.3d at 870, with approval). "A contrary rule would allow a plaintiff to effectively extend the statute of limitations by first filing a placeholder complaint of time-barred claims." *Id.* It follows that the operative date for statute of limitations purposes for Clem's federal claims against Harrison Memorial is January 4, 2021, when the Amended Complaint was filed. Because the causes of action accrued on September 16, 2019 when the incident at issue occurred and the statute of limitations period is one year, Clem's federal claims against Harrison Memorial —filed on January 4, 2021—are untimely and must be dismissed.

**B. Qualified Immunity**

Zerbee argues that he is entitled to qualified immunity in his individual capacity. (DE 30-1 at 8.) The Sixth Circuit has advised that it is "generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity" and it is usually more appropriately resolved at summary judgment. *Wesley v. Campbell*, 779 F.3d 421, 433–34 (6th Cir. 2015). The fact-intensive nature of a qualified immunity defense makes it difficult to evaluate on the pleadings prior to discovery. *Id.* at 434 (citing *Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Village Sch. Dist.*, 428 F.3d 223, 235 (6th Cir. 2005) (Sutton, J., concurring)).

Qualified immunity "shields officials from liability 'insofar as their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known.'" *Peatross v. City of Memphis*, 818 F.3d 233, 240 (6th Cir. 2016) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A qualified immunity analysis involves a two-pronged inquiry: (1) Viewing the facts in the light most favorable to the plaintiff, does the pleading show that the officer's conduct violated a constitutional right? (2) Was the right "clearly established" at the time of the violation? *Id.* Courts have discretion to decide which prong to address first. *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 326 (2009)). The plaintiff must show "that a clearly established right has been violated and that the official's conduct caused that violation[.]" *Id.* (quoting *Essex v. Cty. of Livingston*, 518 Fed. App'x 351, 357 (6th Cir. 2013)).

The facts as alleged by Clem—which the Court must accept as true at this stage— are essentially as follows: Zerbee pulled over a car in which Clem was a passenger, instructed Clem to exit the car, placed Clem in handcuffs, groped Clem's groin in a harmful and offensive manner, transported Clem to Harrison Memorial to be strip-searched by Harrison Memorial staff in violation of CPD policy, and finally brought Clem to the police station to be transported to Bourbon County Detention Center. (DE 17 at 4–8.) Clem alleges that these actions "deprived Plaintiff of her rights, privileges and immunities secured by the Fourth, Fifth, Eighth and Fourteenth Amendments" to include her "right to privacy, her right to personal integrity, her right to be free from unwanted physical contact, her right to be free from improper unreasonable searches and seizures, her right to be free from unwanted intrusion upon her person, her right to be free from physical assault and battery, her right to be free from excessive force, her right to be free from unwanted sexual contact, and her right to substantive and procedural due process." (*Id.* at 15.)

13

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Further, excessive force claims fall within the Fourth Amendment's protections against unreasonable seizures. *Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001) (citing *Graham v. Connor*, 490 U.S. 386, 394 (6th Cir. 1989)). It is "well settled" that a warrantless search or seizure is per se unreasonable under the Fourth Amendment, unless it falls under one of the specifically established and well-delineated exceptions. *Morgan v. Fairfield Cty, Ohio*, 903 F.3d 553, 560–61 (6th Cir. 2018); *Campbell v. Mack*, 777 Fed. App'x 122, 131 (6th Cir. 2019) (citing *United States v. Roark*, 36 F.3d 14, 17 (6th Cir. 1994)). A warrantless arrest *is* reasonable if "there is probable cause to believe that a criminal offense has been or is being committed." *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009) (quoting *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004)). "Probable cause exists if the facts and circumstances known to the officer warrant a prudent man in believing that the offense has been committed." *Id.* (quoting *Logsdon v. Hains*, 492 F.3d 334, 341 (6th Cir. 2007)). Excessive force is analyzed by determining "whether the officer's actions, in light of the totality of the circumstances, were objectively reasonable. *Kostrzewa*, 247 F.3d at 639 (citing *Graham*, 490 U.S. at 396–97). According to Clem's version of events—which Zerbee clearly disputes, but which the Court must accept at this stage—there was no probable cause for Clem's arrest. Zerbee pulled over the car in which Clem was a passenger, instructed Clem to exit the car, arrested her, searched her at the scene, groped her, and brought her to Harrison Memorial to be strip-searched. (DE 17 at 4–8.)  By this account, there was no probable cause or reasonable suspicion, and the seizure and subsequent searches would violate the Fourth Amendment. Additionally, groping a detainee is objectively unreasonable and would constitute excessive force in violation of the Fourth Amendment.

14

As to the second prong of the qualified immunity inquiry, a right is "clearly established" when its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Srisavath v. City of Brentwood*, 243 Fed. App'x 909, 918 (6th Cir. 2007) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). "It is clearly established that an arrest without probable cause violates the Fourth Amendment." *Thacker v. City of Columbus*, 328 F.3d 244, 260 (6th Cir. 2003) (quoting *Donovan v. Thames*, 105 F.3d 291, 297–98 (6th Cir. 1997)). This would extend to the subsequent searches, as the Supreme Court has said that "[i]t is the fact of the lawful arrest which establishes the authority to search." *Illinois v. Lafayette*, 462 U.S. 460, 645 (1983) (quoting *United States v. Robinson*, 414 U.S. 218, 235 (1973)). It is further clearly established that sexual assault of a detainee amounts to a constitutional violation. *Whitledge v. City of Dearborn*, No. 18-11444, 2019 WL 4189496, at *6 (E.D. Ky. Sept. 4, 2019) (citing *United States v. Lanier*, 201 F.3d 842, 843 (6th Cir. 2000) and *United States v. Morris*, F. App'x 574, 579 (6th Cir. 2012)).

Given the Complaint's allegations and the underlying law, Zerbee's qualified immunity argument fails at this stage of the proceedings.

## C. Plaintiff's Federal Claims

Defendants Zerbee and Cynthiana make various arguments as to why Plaintiff's federal claims should fail. The Court will address Defendants' arguments as they relate to Plaintiff's Fourth Amendment claims; Plaintiff's Fifth, Eight, and Fourteenth Amendment Claims; and Plaintiff's conspiracy claims in turn.

### 1. Fourth Amendment Claims

Defendants challenge Plaintiff's claims for unlawful seizure, unlawful search, and excessive force. Because Plaintiff does not tie each alleged constitutional violation to a

15

specific act, the Court construes Plaintiff's unlawful seizure claim as relating to her arrest, Plaintiff's unlawful search claim as relating to both her search at the scene and her search at Harrison Memorial, and Plaintiff's excessive force claim as relating to the offensive groping.

As outlined in Section III.B. above, accepting the allegations in Plaintiff's Amended Complaint as true—as the Court must—the Plaintiff alleges colorable claims for violations of the Fourth Amendment. Thus, Defendants' motion to dismiss those claims is denied.[4]

### 2. Fifth, Eighth, and Fourteenth Amendment Claims

Defendants also challenge Plaintiff's claims under the Fifth, Eighth, and Fourteenth Amendments, including Plaintiff's claims for substantive and procedural due process violations.

Claims arising out of an "arrest or investigatory stop of a citizen" invoke the "protections of the Fourth Amendment," not the due process notions of the Fifth or Fourteenth Amendments. *Graham*, 490 U.S. at 394; *Albright v. Oliver*, 510 U.S. 266, 273–74 (1994); *Jackson v. County of Washtenaw*, 310 Fed. App'x 6, 7 (6th Cir. 2009). The Eighth Amendment—which prohibits cruel and unusual punishment post-conviction—is also inapposite. *Aldini v. Johnson*, 609 F.3d 858, 864 (6th Cir. 2010) (citing *Graham*, 490 U.S. at 394, and *Whitley v. Albers*, 475 U.S. 312, 318–22 (1986)).

Because the facts alleged in the Complaint are considered by law to be properly analyzed under the Fourth Amendment, Clem's Fifth, Eighth, and Fourteenth Amendment claims are dismissed.

---

[4] For purposes of clarity, the Court dismisses the claims against Zerbee in Count III, which are duplicative of the claims in Count IV, and retains those in Count IV.

**3. Conspiracy Claims**

Finally, Defendants move to dismiss Plaintiff's claims for conspiracy to violate 42 U.S.C. §§ 1983 and 1985(3).

Plaintiff's claims for conspiracy to violate § 1983 stem from the strip search conducted at Harrison Memorial. (DE 17 at 16.) To survive dismissal, a plaintiff's claim for conspiracy to violate § 1983 needs to allege facts that—if accepted as true—would allow a juror to find that "(1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed in furtherance of the conspiracy that caused the injury." *Marvaso v. Sanchez*, 971 F.3d 599, 606 (6th Cir. 2020) (quoting *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014)) (internal quotation marks omitted). Plaintiff alleges that Zerbee—without probable cause, as outlined in Section III.B.—transported Clem to Harrison Memorial "pursuant to a practice that is well known by the City's agents and the CPD officers" and asked Mitchell to conduct a strip search of Plaintiff, which she did, causing "humiliation, anxiety, emotional distress, and damages." (DE 17 at 6–7, 16.) As discussed previously, a search without probable cause or reasonable suspicion following an unlawful arrest would be a Fourth Amendment violation, and "a strip search is a particularly extreme invasion of that right." *Stoudemire v. Michigan Dept. of Corrections*, 705 F.3d 560, 573 (6th Cir. 2013) (citing *Bell v. Wolfish*, 441 U.S. 520, 559–60 (1979)). Plaintiff's allegations—accepted as true—lay out a claim for conspiracy to violate § 1983. Defendants' motion to dismiss the claim is denied.

Plaintiff's claim for conspiracy to violate § 1985(3) also stems from the search at Harrison Memorial. (DE 17 at 23–24.) A plaintiff's § 1985(3) claim must show "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in

his person or property or deprived of any right or privilege of a citizen of the United States." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005) (quoting *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003)). Plaintiff does not identify how the search at Harrison Memorial was intended to deprive her of the equal protection of the laws, or of equal privileges or immunities. Plaintiff also fails to address the issue in her response to Defendants' motion. Because Plaintiff has failed to state a claim for a violation of § 1985(3), that claim is dismissed.

## IV. Conclusion

Accordingly, for the reasons set forth herein, **IT IS HEREBY ORDERED**:

(1) Defendants Harrison Memorial and Mitchell's Motion to Dismiss (DE 31) is **GRANTED**;

(2) Defendants Cynthiana and Zerbee's Motion to Dismiss (DE 30) is **GRANTED IN PART** and **DENIED IN PART**;

(3) Consistent with the above rulings, the Court **DISMISSES** all claims from Plaintiff's Amended Complaint (DE 17) **except** the following, which survive: Count I, Count IV (only as to the Fourth Amendment claims against Zerbee), and Count V (only as to Cynthiana and Zerbee).

This 14th day of December, 2021.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY